**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL ERNEST HAAGER,

    Petitioner,

-vs-                                                    Case No. 8:06-CV-2146-T-30MAP

JAMES McDONOUGH,

    Respondent.

_____/

**ORDER**

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus challenging convictions entered in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2005), and concludes that the petition is subject to summary dismissal as time barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* __ U.S. __, 126 S.Ct. 1675, 1684 (April 25, 2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). In the instant case, Petitioner presented his argument on the issue of timeliness in his petition (Dkt. 1 at 14). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA").  An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2006).

## Background

Having been found to be a "mentally disordered sexual offender" ("MDSO") on January 17, 1975, under Ch. 917, Fla. Stat. (1975),[1] Petitioner entered a plea of guilty on March 28, 1975, to charges of robbery (2 counts) (Case No. 74-CF-002783), rape (2 counts) (Case No. 74-CF-002773), and rape and forcible carnal knowledge (2 counts) and robbery (1 count) (Case No. 74-CF-002772). Petitioner was sentenced on May 2, 1975, to serve terms of imprisonment ranging from 40 years to life. On May 27, 1975, the trial court entered an order of commitment and directed that Petitioner be examined by "officers of the Department of Corrections" (Dkt. 1 at 6B).  Petitioner's convictions and sentences were affirmed on April 2, 1976.  *See Haager v. State*, 336 So.2d 611 (Fla. 2d DCA 1976).

According to Petitioner, on or about August 4, 2004, he received a letter from co-defendant Mitchell Scott stating that having prevailed on a motion for resentencing under *Gonsovowski v. State*, 350 So.2d 19 (Fla. 2d DCA 1977),[2] he was released from prison.

---

[1] Repealed in 1979, Fla. Stat. § 917.13 (1975), defined an MDSO as "a person who is not insane but who has a mental disorder and is considered dangerous to others because of a propensity to commit sex offenses." The statute provided that a court had the authority to "suspend the sentence and certify a defendant for a hearing and examination" to determine whether the defendant was an MDSO if (1) the person was convicted of a felony or misdemeanor currently being prosecuted, whether or not the crime was a sex offense; (2) there was probable cause to believe that the person was an MDSO; and (3) the mental disorder had existed for at least the preceding four months. Fla. Stat. § 917.14 (1975). If a court determined that a defendant was an MDSO, it was required to "commit the defendant" for care, treatment, and rehabilitation. Fla. Stat. § 917.19 (1975). Provisions for periodic examinations were outlined in the statute, and upon a court determination that a person was recovered to the degree that he would not be a menace to others, the court was required to discharge the defendant from the institution. If criminal proceedings were still pending, they recommenced at the time of the discharge. Fla. Stat. § 917.20 (1975).

[2] *Gonsovowski v. State*, 350 So.2d at 20 (finding that having determined in a probation revocation hearing that the defendant was an MDSO, the trial court was without authority to sentence him to prison until he received treatment pursuant to the statute concerning MDSOs).

-2-

With the assistance of inmate law clerks, Petitioner located the *Gonsovowski* decision and "first discovered he had an illegal sentence" (Dkt. 1 at 6C).

Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Criminal. P. 3.800(a) on August 25, 2004. According to Petitioner, his Rule 3.800(a) motion was received by the Thirteenth Judicial Circuit Court Clerk on September 2, 2004, but in response to his December 20, 2004 status inquiry, he was informed that there was no record of the motion having been filed. With the assistance of a family member, Petitioner filed a copy of his Rule 3.800(a) motion on February 28, 2005.

Citing *Gonsovowski*, *supra*, in support of his Rule 3.800(a) motion, Petitioner argued that the trial court violated Fla. Stat. § 917.14 (1975) by adjudicating him guilty of the charged offenses and imposing sentences before certifying him as an MDSO and committing him to the Department of Health and Rehabilitative services for care, treatment, and rehabilitation pursuant to Fla. Stat. § 917.19 (1975).[3] In its order denying Petitioner's Rule 3.800(a) motion, the trial court found as follows:

> In his Motion, Defendant alleges that pursuant to *Gonsovowski [v.] State*, 350 So.2d 19 (2nd D.C.A. 1977) [sic], the Court erred by sentencing Defendant to various terms of imprisonment prior to having entered an order of commitment for Defendant to be treated as a Sex Offender.
>
> The case that Defendant relies on was decided two years after Defendant took his plea in cases 74-2772, 74-2773, and 74-2783, no where in the case cited by Defendant does it indicate that case applies retroactively and moreover, it is important to recognize that only the Supreme Court of Florida and the United States Supreme Court can adopt a change of law sufficient to support a post-conviction challenge. *Witt v. State*, 465 So.2d 510 (Fla. 1985). Thus any alleged change in law emanating from an intermediate court does not constitute a change which must be given consideration in a 3.850 [sic] proceeding and as such, Defendant is not entitled to the requested relief.

---

[3]Since commitment and treatment under the MDSO statute was a break in the criminal process, formal adjudication of guilt and sentencing followed, rather than preceded, commitment for treatment. *Perritte v. State*, 367 So.2d 1058, 1059 (Fla. 1st DCA 1979) (citing *Gammill v. Wainwright*, 357 So.2d 714 (Fla. 1978)).

-3-

Dkt. 1, Ex. A at 2. The trial court's rejection of Petitioner's Rule 3.800(a) motion, entered on September 7, 2005, *see* Dkt. 1 at 6D, was affirmed on June 30, 2006, with the mandate issuing on August 10, 2006. *Id. See Haager v. State*, 934 So.2d 458 (Fla. 2d DCA 2006).

Petitioner filed the present request for federal habeas relief on November 13, 2006, asserting one ground for relief:

> Sentence imposed by state court with no statutory authority[.] Petitioner denied [sic] substantive due process of law.
>
> Petitioner was adjudged a mentally disorder [sic] Sex Offender by the state court pursuant to § 917.14, F.S. [sic] (1975). Pursuant to § 917.19, F.S. [sic], the trial judge must then commit Petitioner to a mental health facility; further sentencing proceedings are then suspended pursuant to statute pending Petitioner's return therefrom. Pursuant to § 917.20, F.S. [sic], once the Petitioner was returned to the court from a mental health facility and "the court determines that the person has recovered from the disorder to a degree that he will not be a menace to others, it shall order him discharged from the institution;" and "if criminal proceedings are still pending against the person, they shall recommence at the time of the discharge order." F.S. § 917.20 (1975).

Dkt. 1 at 5. Having reviewed the § 2254 petition and the arguments presented therein, the Court finds that the petition is barred under 28 U.S.C. § 2244(d).

**Standard of Review**

State prisoners whose convictions became final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year limitation provisions are applicable to Petitioner's claim because the petition was filed after the AEDPA's enactment date.

## Discussion

Petitioner's conviction became final for purposes of direct review on July 1, 1975, upon the expiration of the time to file a petition for writ of certiorari in the United States Supreme Court.[4] Because Petitioner's conviction became final prior to the enactment of the AEDPA, his one-year limitation period began to run on its date of enactment, April 24, 1996. *See Williams v. Taylor*, 529 U.S. 420, 429 (2000); *Wilcox v. Fla. Dep't. of Corrs.*, 158 F.3d 1209, 1211 (11th Cir. 1998). Therefore, Petitioner had until April 23, 1997, to commence federal habeas proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief. No state court proceedings related to Petitioner's conviction were pending on the date of enactment. According to Petitioner's sworn statements, he did not file an application for post-conviction relief in state court until August 25, 2004. Dkt. 1 at 4. That post-conviction motion cannot operate to toll the limitations period because it was filed more than seven years <u>after</u> the expiration of the one-year limitation period. *See Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions;

---

[4]*See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

a state-court application for post-conviction relief that is filed following expiration of limitation period cannot toll that period because there is no period remaining to be tolled).

Petitioner has not shown that a state created impediment prevented him from timely filing a petition, *see* 28 U.S.C. § 2244(d)(1)(B), and he fails to meet the criteria for an exception under § 2244(d)(1)(C) because he does not advance a claim based on a right newly recognized by the United States Supreme Court and retroactive in application.

To the extent that Petitioner asserts that he is entitled to proceed under 28 U.S.C. § 2244(d)(1)(D) because he did not discover the legal basis for his claim until August 4, 2004, when he received co-defendant Scott's letter discussing the *Gonsovowski* decision, *see* Dkt. 1 at 14, Petitioner does not satisfy the criteria to proceed under § 2244(d)(1)(D).[5] The factual predicate for the claim Petitioner presents was known to him at the time of his commitment in 1975, and as demonstrated by Petitioner's sworn statement, he was able to locate a copy of *Gonsovowski*, a <u>published</u> decision entered on September 9, 1977, within four days of receiving Scott's letter (Dkt. 1 at 6C). Petitioner has failed to demonstrate that he is entitled to proceed under § 2244(d)(1)(D).

The petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling. Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this

---

[5]Pursuant to § 2244(d)(1)(D), the one-year statute of limitations can run from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."

extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner's allegations actually undermine any suggestion of diligence on his part. The fact that Petitioner did not learn of the 1977 *Gonsovowski* decision until 2004 does not constitute an extraordinary or exceptional circumstance warranting equitable tolling. Having offered no other explanation for the delay, Petitioner has not shown that he exercised reasonable diligence in seeking collateral relief. Petitioner's *pro se* status does not merit equitable tolling, *see Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999), and it is well-settled that ignorance of the law does not constitute a "rare and exceptional circumstance" for tolling purposes. *See, e.g., Fiero v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his habeas petition entitled petitioner to equitable tolling of the limitations period); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). *See also Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (neither prisoner's *pro se* status nor ignorance of the law constitutes cause for failing to include a legal claim in his prior petition). Having reviewed the petition and documents attached thereto, the Court finds that Petitioner has failed to establish that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claim before the limitation period expired, which are essential elements for the imposition of equitable tolling. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show

that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (footnote omitted).

Petitioner has failed to satisfy the threshold requirement that he come forward with "new" *reliable evidence of <u>factual</u> innocence*, and there is nothing in the record that suggests

a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996). The merits of Petitioner's claim will not, therefore, be addressed. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

### Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3. Within **30 DAYS** of the date of this order, the Court will consider a motion to reopen the case if Petitioner can show, under the prevailing case law, that he is entitled to equitable tolling.

**DONE** and **ORDERED** in Tampa, Florida on December 29, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner
SA:jsh